HSBC Mtge. Corp. USA v Khair (2020 NY Slip Op 04465)





HSBC Mtge. Corp. USA v Khair


2020 NY Slip Op 04465


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04433
 (Index No. 19934/07)

[*1]HSBC Mortgage Corporation USA, respondent,
v
Mohammad Abul Khair, etc., defendant; Rohawnie Bipharam, et al., nonparty-appellants.


Valerie L. Forbes, Brooklyn, NY, for nonparty-appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparties Rohawnie Bipharam and Newport Acquisitions, Inc., appeal from an order of the Supreme Court, Queens County (David Elliot, J.), entered June 26, 2017. The order, insofar as appealed from, denied that branch of the motion of nonparties Rohawnie Bipharam and Newport Acquisitions, Inc., which was pursuant to CPLR 5015(a) to vacate an order of the same court entered December 1, 2016, granting the plaintiff's motion, inter alia, pursuant to CPLR 5015(a) to vacate a prior order of the same court (Martin J. Schulman, J.), entered July 23, 2014, directing dismissal of the action.
ORDERED that the order entered June 26, 2017, is affirmed insofar as appealed from, with costs.
Pursuant to CPLR 5015(a)(1), a court may vacate an order upon the ground of excusable default (see Alderman v Alderman, 78 AD3d 621). Here, contrary to the nonparty-appellants' contention, they failed to establish a basis to vacate an order entered December 1, 2016, on that ground. To the extent the nonparty-appellants' motion may be construed as one to vacate the December 1, 2016, order in the interest of justice (see CPLR 5015[a]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 68), it is also without merit (see Alderman v Alderman, 78 AD3d 621).
Accordingly, we affirm the order insofar as appealed from.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court